

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-89,793-01 AND WR-89,793-02

**EX PARTE KEITH SHIRODD SINGLETON, Applicant**

ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 27730 A-1 AND 27936 A-1 IN THE 12TH DISTRICT COURT
FROM WALKER COUNTY

*Per curiam.*

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty to possession of a controlled substance in the -01 case and possession with intent to deliver a controlled substance in the -02 case, and was sentenced by the same trial court on the same date to sixty years' imprisonment for each case, to run concurrently. Notice of appeal was timely filed in the -01 case, and the case was transferred to the Seventh District Court of Appeals, which affirmed that conviction. *Singleton v. State*, No. 07-17-00272-CR (Tex. App. — Amarillo, Nov. 29, 2017) (not designated for publication). The Tenth District Court of Appeals dismissed Applicant's appeal

in the -02 case for want of jurisdiction, because notice of appeal had been untimely filed. *Singleton v. State*, No. 10-17-00243-CR (Tex. App. — Waco, Sept. 13, 2017) (not designated for publication).

Applicant contends that trial counsel rendered ineffective assistance in both cases for various reasons. Applicant alleges that trial counsel failed to investigate, failed to file a motion to suppress in the -01 case on the basis of an illegal stop, search and seizure, failed to move to have the controlled substances in both cases weighed without their containers, failed to negotiate a plea agreement with the State in both cases, and advised Applicant to enter an open plea, telling him that the State would dismiss other pending charges and that he would serve "no more than 20-30 years." Applicant also alleges that trial counsel filed timely notice of appeal in the -01 case but failed to timely file notice of appeal in the -02 case, resulting in the dismissal of the appeal in that case.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he believed that there was any basis upon which to file a motion to suppress in either case, and if so, whether such a motion was filed. Trial counsel shall state whether the weight of the controlled substances with which Applicant was charged included the bottles in which they were contained. Trial counsel shall state whether he attempted to negotiate a plea agreement with the State, and whether the State extended any plea offers prior to the entry of the open pleas. Trial counsel shall state whether Applicant had other charges pending at the time of these charges, and if so, whether the State agreed to dismiss those charges in exchange for

Applicant's pleas of guilty. Trial counsel shall state what advice, if any, he provided to Applicant about his options for pleading guilty or going to trial on the charges. Trial counsel shall state whether he advised Applicant that he would serve "no more than 20-30 years" if he entered an open plea of guilty.

Trial counsel shall also state whether he advised Applicant of his right to appeal in both cases, and whether Applicant indicated a desire to appeal. Trial counsel shall state whether he filed notice of appeal in one or both of these cases, and if so, on what date(s) the notice(s) of appeal were filed.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether trial counsel or appellate counsel filed notice of appeal in one or both of these cases. The trial court shall make findings of fact and conclusions of law as to why notice of appeal was timely filed in only one of these cases. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues.

The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 15, 2019
Do not publish